IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:13-CR-4-BO
NO. 4:15-CV-43-BO

| | |
|---|---|
| MARKIS RASAAN ALLEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and the government's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons discussed below, petitioner's section 2255 motion is dismissed.

## BACKGROUND

On March 18, 2013, petitioner pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. On September 26, 2013, petitioner was sentenced to a term of 120 months' imprisonment. Petitioner noticed a direct appeal, challenging this Court's rejection of a three-level downward adjustment in petitioner's presentence report for acceptance of responsibility. By opinion entered June 2, 2014, the court of appeals affirmed the judgment of this Court. Petitioner then timely filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. In his motion, petitioner raises three grounds for relief: that trial counsel was ineffective for failing to call a witness for the defense at sentencing, that this Court erred in applying the attempted murder cross-reference when calculating petitioner's

advisory guideline range, and that trial and appellate counsel were ineffective for failing to raise the cross-reference issue before this Court and on appeal.

## DISCUSSION

A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Rule 12, Rules Governing Section 2255 Proceedings (Rules of Civil Procedure apply to section 2255 proceedings). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013)(quoting *United States v. Thomas*, 221 F.3d 430, 437 (3rd Cir. 2000)).

Petitioner's second claim for relief, that the Court erred in applying the attempted murder cross-reference, is procedurally barred as petitioner could have raised this issue on direct appeal but failed to do so. *Bousley v. United* States, 523 U.S. 614, 621 (1998). In order to overcome procedural default, a petitioner must show either cause and actual prejudice or that he is actually innocent. *Id.* at 622; *see also United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010). In order to show cause for failing to raise issues on direct appeal, a petitioner must show that something that "cannot be fairly attributed to him," such as a factual or legal basis that was not reasonably available or some impediment by the government existed, prevented him from raising the issue. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Petitioner has not demonstrated cause or that he is actually innocent. He cannot, therefore, overcome the procedural bar.

Petitioner's first and third claims relate to the alleged ineffective assistance of counsel. In order to demonstrate that the assistance of counsel was ineffective in violation of the Sixth Amendment, a petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice,

2

meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice alone can dispose of the ineffective assistance claim. *Id.* at 697. The Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689-90).

Petitioner's first claim relates to trial counsel's[1] failure at the sentencing hearing to call a witness, Debracy Barnes, who petitioner contends would have testified that petitioner did not shoot him in the conduct forming the basis of petitioner's attempted murder charge. In considering whether counsel's performance was deficient, a court "must not permit hindsight to distort [its] assessment of counsel's performance, and [it] must appreciate that counsel may choose a trial strategy from within a wide range of acceptable strategies." *Clagett v. Angelone*, 209 F.3d 370, 380 (4th Cir. 2000). The Court does not find that counsel's decision not to call Mr. Barnes as a witness at sentencing fell below an objective standard of reasonableness. Moreover, petitioner has failed to provide sufficient factual support for his claim that counsel's failure to call Mr. Barnes as a witness resulted in prejudice. At the sentencing hearing, the government called three Greenville police officers who testified about the attempted murder. The first witness testified that petitioner's brother had told him that Mr. Barnes and a person named "Five" had gotten into an argument and physical altercation, which resulted in Five

---

[1] In his motion, petitioner refers to his sentencing counsel as Halerie Mahan. While Ms. Mahan represented petitioner at his Rule 11 hearing and during the initial sentencing hearing, petitioner sought and the Court permitted Ms. Mahan to withdraw as counsel on July 19, 2013. The sentencing hearing was then conducted with H.P. Williams acting as defense counsel on September 26, 2013.

3

shooting the Mr. Barnes in the back. [DE 50 at 15-16]. In his motion, petitioner states that Mr. Barnes, if called, would have testified that someone named Five shot him in the back. [DE 56-1 at 5]. Defense counsel further argued to the Court that Mr. Barnes would have testified that it was Five who shot him. [DE 50 at 33]. The Court then overruled petitioner's objection and held that the government had demonstrated by a preponderance of the evidence that the presentence report was correct. Because the Court was presented with the information that Five was the shooter, and petitioner has made no further contention other than that Mr. Barnes would have testified that Five shot him and not petitioner, petitioner has failed to show that any prejudice resulted from trial counsel's failure to call Mr. Barnes as a witness at the sentencing hearing.

Petitioner's third claim related to counsel's failure to challenge the application of a cross-reference under U.S.S.G. §§ 2K2.1(c) and 2X1.1 is without merit and petitioner cannot therefore show any resulting prejudice. Section 2K2.1(c) provides that if a defendant used or possessed any firearm or ammunition cited in the offense of conviction in connection with the commission or attempted commission of another offense then the cross-reference provision of § 2X1.1 is applicable. U.S.S.G. § 2X1.1 provides that when an attempt, solicitation, or conspiracy is expressly covered by another offense guideline then that guideline is to apply. U.S.S.G. § 2A2.1 provides the appropriate base offense level for attempted murder. Because the firearm which petitioner was convicted of being in possession of was determined to be the same firearm that was used in the shooting and attempted murder of Mr. Barnes, the cross-reference was properly applied and the correct base offense level was included in the presentence report.

Because petitioner has not plausibly stated that any alleged error by counsel was "so serious that he was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004) (internal quotation and citation omitted), or that any prejudice resulted from counsel's conduct, he has failed to state a

4

claim for ineffective assistance of counsel. Petitioner's claim that this Court committed error in calculating petitioner's advisory Guidelines range is procedurally barred for failure to raise it on direct appeal, and petitioner has thus failed to state any claim upon which relief could be granted. The government's motion to dismiss is granted.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

In light of the foregoing, the government's motion to dismiss [DE 60] is GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 56] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED. This the 5 day of June, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE